## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| DRAKE A. EDWARDS, | **:** | |
| Plaintiff, | **:** | Case No.  3:08CV052 |
| vs. | **:** | District Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| ARBORS AT DAYTON, *et al.*, | **:** | |
| Defendants. | **:** | |

## REPORT AND RECOMMENDATIONS[1]

### I.    INTRODUCTION

Plaintiff Drake A. Edwards, a resident of Dayton, Ohio, brings this case *pro se*.

The Court previously granted his Application to Proceed *in forma pauperis* under 28

U.S.C. §1915, and his Complaint is presently before the Court for a *sua sponte* review as

mandated by 28 U.S.C. §1915(e)(2)(B).

Plaintiff's Complaint refers to multiple (*et al.*) defendants, yet he identifies only

one defendant – Arbors at Dayton ("the Arbors").  Judicial notice is taken of the

adjudicative fact that the Arbors is a well-known local provider of "long-term skilled

---

[1]  Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

nursing care and short-term rehabilitation solutions."[2]  *See* Fed. R. Evid. 201(b)(1).

Plaintiff alleges that his mother broke her leg "at or about 2001..." when she was a patient at the Arbors.  (Doc. #2 at 5).  Construing Plaintiff's *pro se* Complaint liberally in his favor, *see Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000), he claims that the Arbors' actions or omissions constituted abuse or neglect of an elderly person.  *See* Doc. #2 at 5.  Plaintiff's allegations do not connect his mother's broken leg or the resulting pain she doubtlessly suffered – or any resulting emotional injury Plaintiff may have suffered – with any act or omission by the Arbors.  The Complaint does state, "Feel Pain Please Pay!" and "Relief is spelled pay me...." *Id*. at 5-6.  Plaintiff seeks an award of "664.000.000.000.000 million." *Id*. at 5.

In a document attached to the Complaint, Plaintiff does not mention any act or omission by the Arbors.  He instead emphasizes his desire "to be heard at the supreme level"; to be paid without the use of "legal verb[i]age to hide ... bias bias toward a[] pro se level"; to let his "peers judge the matter of lay person thinking, not bias diluted words used to browbeat an honorable person, feel my emotional pain since I was 16 years old do the math...."  (Doc. #2 at 7-8).

## II.    APPLICABLE STANDARDS

By enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying

---

[2]  *See* http://www.extendicareus.com/dayton/index.aspx

litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992)(quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress authorized the federal courts to *sua sponte* dismiss an *in forma pauperis* Complaint if they are satisfied that the Complaint is frivolous or malicious.  *Denton*, 504 U.S. at 31; *see* 28 U.S.C. §1915(e)(2)(B)(I).

Viewing an *in forma pauperis* Complaint through lens of §1915(e)(2)(B)(I), the Court asks whether the Complaint raises a claim with a rational or arguable basis in fact or law; if not, it is frivolous or malicious and subject to dismissal.  *See Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  A Complaint has no arguable legal basis when, for example, the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or irrational or "wholly incredible."  *See Denton,* 504 U.S. at 32; *see also Lawler,* 898 F.2d at 1199.

Congress has also authorized the *sua sponte* dismissal of a Complaint that fails to state a claim upon which relief may be granted.[3]  28 U.S.C. §1915(e)(2)(B)(ii-iii).

---

[3] When considering whether a Complaint fails to state a claim for relief, the Court accepts as true the factual allegations in the Complaint and construes them in a light most favorable to the plaintiff. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).  Because Plaintiff bring this case *pro se*, the Court liberally construes his allegations in his favor. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992).  "A *pro se* Complaint is held to an especially liberal standard, and should only be dismissed for failure to state a claim if it appears 'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Herron v.*

## III. ANALYSIS

Accepting Plaintiff's allegations as true and construing them liberally in his favor, his Complaint does not reveal a basis upon which this Court can exercise subject matter jurisdiction. The Complaint does not present a dispute between parties of diverse citizenship, and consequently, the Court lacks jurisdiction under 28 U.S.C. §1332. The Complaint does not raise allegations or claims indicating a basis upon which the Court could exercise federal question jurisdiction under 28 U.S.C. §1331 or §1343, or supplemental jurisdiction under 28 U.S.C. §1367.

Assuming Plaintiff seeks to raise a federal constitutional claim, his claim would arise under 42 U.S.C. §1983. Yet, construing the Complaint in this manner does not assist Plaintiff for two reasons. First, "[t]o state a claim under 42 U.S.C. §1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005). The latter element – action under color of state law – is missing from Plaintiff's Complaint, and consequently, it fails to raise a claim under §1983. *See Lindsey v. Detroit Entertainment, LLC*, 484 F.3d 824, 827 (6th Cir. 2007); *see also Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001) ("If a plaintiff fails to make a showing on any essential element of a §1983 claim, it must fail.").

---

*Harrison*, 203 F.3d 410, 414 (6th Cir. 2000)(quoting in part *Estelle*, 429 U.S. at 106).

In addition, any federal constitutional claims are time barred.  Plaintiff's mother unfortunately broke her leg in or around 2001, the time at which any resulting emotional injury to Plaintiff arose.  Plaintiff waited, however, to file his Complaint until late February 2008, well beyond the two-year limitations period applicable in Ohio for §1983 claims.  As a result, Plaintiff's §1983 claims are both time-barred and frivolous.  *See Dellis v. Corrections Corp. of America*, 257 F.3d 508, 511 (6th Cir. 2001)(*pro se* prisoner's time-barred claims properly dismissed as frivolous); *see also Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003)(two-year statute of limitations applies to §1983 claims brought in U.S. District Courts in Ohio); *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989).

Lastly, Plaintiff does not allege a fact or circumstance indicating the existence of judicial bias against him.  Without some such fact or circumstance, the undersigned's impartiality is not reasonably in question, no appearance of impropriety exists, and no reasonable person would find that the undersigned holds a bias or prejudice against Plaintiff or his mother.  *See* 28 U.S.C. §§144, 455; *see also Youn v. Track, Inc*., 324 F.3d 409, 422-23 (6th Cir. 2003) (and cases cited therein).

Accordingly, Plaintiff's Complaint is subject to dismissal under 28 U.S.C. §1915(e)(2)(B).  A certification is also warranted under 28 U.S.C. §1915(a) stating that for the foregoing reasons an appeal of this Order would not be taken in good faith and therefore Plaintiff should be denied leave to appeal *in forma pauperis*.  If so certified, Plaintiff, a non-prisoner, would remain free to apply to proceed *in forma pauperis* in the

Court of Appeals.  *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999).

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff Drake A. Edward's Complaint be **DISMISSED**;

2. The Court issue a certification under 28 U.S.C. § 1915(a) denying Plaintiff leave to appeal *in forma pauperis*; and

3. The case be terminated on the docket of this Court.

April 11, 2008

          s/ Sharon L. Ovington
          Sharon L. Ovington
          United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).